UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, PLAINTIFF, | CIVIL ACTION NO. 18-7498 |
| v. | JURY DEMAND |
| MARIAM ENTERPRISES, LLC, D/B/A MARION'S CLEANERS, DEFENDANT. | |

### COMPLAINT

#### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of discrimination and retaliation and to provide appropriate relief to Emilia Rodelo ("Ms. Rodelo"). As alleged with greater particularity below, Defendant, Mariam Enterprises, LLC ("Mariam Enterprises"), doing business as Marion's Cleaners, subjected Ms. Rodelo to harassment on the basis of her race and national origin and to retaliation for reporting and/or complaining about such harassment.

#### JURISDICTION & VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343 and § 1345. This action is authorized and instituted pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed in Metairie, Louisiana, and therefore within the jurisdiction and venue of the United States District Court for the Eastern District of Louisiana pursuant to Title VII, 42 U.S.C.§ 2000e-5(f)(3).

1

**PARTIES**

3.	Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.	At all relevant times, Mariam Enterprises has been a limited liability company doing business in Louisiana and has continuously had at least 15 employees.

5.	At all relevant times, Mariam Enterprises has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

**ADMINISTRATIVE PROCEDURES**

6.	More than thirty days prior to the institution of this action, Ms. Rodelo filed a charge with the Commission alleging violations of Title VII by Mariam Enterprises.

7.	On or about April 19, 2018, the Commission issued to Mariam Enterprises a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Mariam Enterprises to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.	On July 5, 2018, the Commission issued to Mariam Enterprises a Notice of Failure of Conciliation advising Mariam Enterprises that the Commission was unable to secure from Mariam Enterprises a conciliation agreement acceptable to the Commission.

9.	All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

10.	Since at least 2016, Mariam Enterprises has engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e-2, § 2000e-3, and § 2000e-8.

11.     **Hostile work environment.** Mariam Enterprises discriminated against Ms. Rodelo by subjecting her to severe and/or pervasive verbal and physical harassment on the basis of her race, Hispanic, and her national origin, Mexican, and/or by failing to remedy such harassment.

   A.     From early 2016 through October 8, 2016, another employee repeatedly made insulting, derisive, and offensive comments to Ms. Rodelo about her race and national origin. For example, the employee repeatedly told Ms. Rodelo that she "needed to go back to Mexico," that she "was nothing," that she was "a piece of shit," that she was a "stupid Mexican," that she was a "dirty Mexican," that she had no rights, and to "shut up" when speaking Spanish.

   B.     Ms. Rodelo repeatedly reported and/or complained about the other employee's comments to her supervisor.

   C.     In response to her reports and/or complaints, Ms. Rodelo's supervisor instructed Ms. Rodelo not to report and/or complain about the comments.

   D.     In response to her reports and/or complaints, Ms. Rodelo's supervisor never took any remedial action and/or discipline the other employee.

   E.     On or about October 5, 2016, Ms. Rodelo herself asked the other employee to stop making comments about her race and national origin.

   F.     In response to this request, the other employee grabbed Ms. Rodelo by the hair, repeatedly punched Ms. Rodelo in the face, and pressed Ms. Rodelo against an exposed steam pipe.

   G.     Emergency medical services took Ms. Rodelo to a hospital, where she was treated for severe, second-degree burns to her back and trauma to her face.

      H.      Ms. Rodelo's supervisor did not take any remedial action and/or discipline the other employee.

      I.      Mariam Enterprises failed to exercise reasonable care in preventing and/or promptly correcting the harassment.

      J.      Mariam Enterprises did not provide Ms. Rodelo with any opportunity to protect herself or correct the harassment, such as procedures for making reports and/or complaints.

12.    **Retaliation.** Mariam Enterprises retaliated against Ms. Rodelo by actually and/or constructively discharging her for reporting and/or complaining about severe and/or pervasive verbal and physical harassment on the basis of her race, Hispanic, and her national origin, Mexican.

      A.      As alleged in the paragraph above, from early 2016 through October 8, 2016, Ms. Rodelo repeatedly reported and/or complained to her supervisor about comments another employee made about her race and national origin, and in response to her reports and/or complaints, Ms. Rodelo's supervisor instructed Ms. Rodelo not to report and/or complain about the comments.

      B.      As also alleged in the paragraph above, on or about October 5, 2016, Ms. Rodelo asked the other employee to stop making comments about her race and national origin and, in response, the other employee inflicted severe, second-degree burns to Ms. Rodelo's back and trauma to Ms. Rodelo's face.

      C.      After the other employee inflicted the burns and trauma, Ms. Rodelo's supervisor instructed Ms. Rodelo not to call the police and/or emergency medical services for help and took her telephone from Ms. Rodelo to prevent her from doing so.

      D.      Ms. Rodelo's supervisor instructed Ms. Rodelo to get back to work.

E.     Ms. Rodelo's supervisor eventually allowed Ms. Rodelo to call her son who—at Ms. Rodelo's request—called the police and/or emergency medical services for help.

F.     On or about October 8, 2016, Ms. Rodelo's supervisor actually and/or constructively discharged her, stating that she had been a problem.

13.    The effect of the practices complained of above has been to deprive Ms. Rodelo of equal employment opportunities and otherwise adversely affect her status as an employee because of her race, Hispanic, and national origin, Mexican, and because she engaged in protected activity.

14.    The unlawful employment practices complained of above were intentional.

15.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Rodelo.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Mariam Enterprises, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from taking adverse employment actions against employees who report or oppose race-based or national origin-based discrimination.

B.     Order Mariam Enterprises to institute and carry out policies, practices, and programs which provide equal employment opportunities for Hispanic employees and/or applicants that eradicate the effects of its past and present unlawful employment practices.

C.     Order Mariam Enterprises to make whole Ms. Rodelo by providing compensation for past and future pecuniary losses resulting from the unlawful

5

employment practices described above, including but not limited to medical, and other expenses, in amounts to be determined at trial.

  D.  Order Mariam Enterprises to pay Ms. Rodelo punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  E.  Grant such further relief as the Court deems necessary and proper in the public interest.

  F.  Award the Commission its costs of this action.

## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**JAMES L. LEE**
Deputy General Counsel
U.S. Equal Employment Opportunity Commission
No Bar No. Assigned

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
U.S. Equal Employment Opportunity Commission
No Bar No. Assigned

**RUDY L. SUSTAITA**
Regional Attorney
U.S. Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street, 7th Floor
Houston, TX 77002
Phone: (713) 651-4970
Fax: (713) 651-4995
Texas Bar No. 19523560

**GREGORY T. JUGE**
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 676-8239
Fax: (504) 595-2886
Louisiana Bar No. 20890

/s/ Andrew B. Kingsley
_____
**ANDREW B. KINGSLEY (TA)**
Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 208-8661
Fax: (504) 595-2886
Louisiana Bar No. 35865

COUNSEL FOR U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**AGENTS FOR SERVICE OF PROCESS:**

Khaled Jason Qader
3531 Octavia St.
New Orleans, LA 70125

Mohammad R. Yusuf
5401 York St.
New Orleans, LA 70125